CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 2 3 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES E. ROSE, | ) | |
| Petitioner, | ) | Civil Action No. 7:05CV0008 |
| | ) | |
| | ) | **OPINION** |
| v. | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| WARDEN BLEDSOE, | ) | |
| Respondent. | ) | |

The petitioner, James E. Rose, a federal inmate proceeding pro se, brings this action as a petition for habeas corpus relief under 28 U.S.C. § 2241. Rose asserts three claims related to the revocation of his parole. Rose alleges that the United States Parole Commission violated his due process rights by failing to hold a timely probable cause hearing. Rose further alleges that he was denied the right to confront adverse witnesses at his revocation hearing, and that the Parole Commission improperly relied on state charges that were dismissed. This matter is fully briefed and ripe for consideration. For the following reasons, Rose's petition will be dismissed.

I.

On February 13, 1993, the Superior Court for the District of Columbia sentenced Rose to a fifteen-year term of imprisonment for attempted robbery and possession of a firearm during a crime of violence. Rose was released on parole on August 1, 2001.

On May 30, 2002, Rose was arrested in Arlington, Virginia for possession with intent to distribute cocaine, possession of drugs with a firearm, and possession of a firearm by a convicted felon. On June 14, 2002, Mazen Eraifeg, a community supervision officer for the District of Columbia, notified the Parole Commission about the charges pending in Arlington County. Eraifeg reported that Rose had also violated his conditions of parole by failing to report his

arrest, and by testing positive for illegal drugs. Eraifeg requested the issuance a parole violator warrant. The Parole Commission denied the warrant request pending the receipt of an investigative report on Rose's arrest.

By letter dated August 14, 2002, a probation officer for the United States District Court for the Eastern District of Virginia provided the Parole Commission a copy of the police report related to Rose's arrest in Arlington County. The probation officer advised the Parole Commission that the charges were dismissed on July 10, 2002. The probation officer also notified the Parole Commission about an outstanding arrest warrant in Falls Church, Virginia for malicious wounding.

On August 20, 2002, the Parole Commission issued a parole violator warrant. The Parole Commission charged Rose with the following violations:

> Charge No. 1 - Use of dangerous and habit forming drugs.
>
> Charge No. 2 - Law Violation - a) Assault; (b) Malicious Wounding.
>
> Charge No. 3 - Law Violation - a) Possession with Intent to Distribute Cocaine (Crack); b) Possession with Intent to Distribute Heroin; c) Felon in Possession of a Firearm; d) Failure to Report Arrest.

Rose was arrested on the malicious wounding charge on September 1, 2002. At that time, the parole violator warrant was lodged as a detainer. Rose remained in state custody until February 12, 2003. On that date, the United States Marshal for the Eastern District of Virginia executed the parole violator warrant and assumed custody of Rose. The Parole Commission was not notified that the warrant had been executed until February 25, 2003. The following day, Rose was transferred to the D.C. Department of Corrections so that the Parole Commission could begins its parole revocation proceedings. On February 27, 2003, a probation officer for the

Eastern District of Virginia advised the Parole Commission that Rose was convicted of assault and battery in Falls Church on November 6, 2002, and that he was sentenced to a 12-month jail term with six months suspended.

The Parole Commission held a probable cause hearing on March 4, 2003. The hearing examiner found probable cause for each of the alleged parole violations. The Parole Commission requested the following witnesses for the revocation hearing: (1) Mazen Eraifeg, the community supervision officer assigned to Rose; (2) J.E. Trainer, the police officer who handled the charges against Rose in Arlington County; (3) Heiden Vander, the police officer whoe handled the assault charge in Falls Church; and (4) Robert Shaw, the victim of the alleged assault. Rose named Christine Carey, a witness to the alleged assault, as a proposed witness for the revocation hearing. The examiner approved Rose's request.

On April 24, 2003, the Parole Commission issued subpoenas for Officer Trainer and Officer Vander. There is no evidence that Robert Shaw or Christine Carey were subpoenaed to testify at the revocation hearing.

The Commission conducted the parole revocation hearing on April 30, 2003. Although the hearing must normally be conducted within sixty-five days after the parole violator warrant is executed, Long v. Gaines, 241 F. Supp. 2d 1, 2 (D. D.C. 2002), Rose's attorney waived the 65-day requirement. The only witnesses present for the hearing were Officer Trainer and Michael Thompson. Thompson appeared as a character witness on behalf of Rose. During the hearing, Rose admitted to using dangerous and habit forming drugs. Rose also admitted that he was convicted of assault and battery in Falls Church. Although Rose acknowledged that he hit the victim, Robert Shaw, Rose denied that he actually assaulted Shaw. Rose also denied the

allegations of criminal conduct in Arlington County. The hearing examiner ultimately recommended revoking Rose's parole. On May 15, 2003, the Parole Commission adopted the hearing examiner's recommendation. The Parole Commission's decision was not appealable.

II.

Rose is presently incarcerated at United States Penitentiary (USP) – Lee in Jonesville, Virginia. Rose filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on January 6, 2005. Since Jonesville is located within the Western District of Virginia, Rose's petition is properly before this court. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2724, 159 L.Ed. 2d 513, 535 (2004).

A.

Rose first alleges that the Parole Commission violated his due process rights and its own regulations by failing to hold a timely probable cause hearing. Although the parole violator warrant was executed on February 12, 2003*, the probable cause hearing was not held until March 4, 2003. Rose contends that he should have received a probable cause hearing within five days of the date on which the parole violator warrant was executed. Pursuant to 28 C.F.R. § 2.101, "[a] parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking."

---

* Rose contends that the parole violator warrant was executed on September 1, 2002. However, the evidence establishes that the warrant was lodged as a detainer on that date, and that the warrant was not actually executed until February 12, 2003.

4

In response to this claim, the respondent argues that § 2.101 does not apply to Rose. As the respondent points out, the regulation only applies to a parolee who has not been convicted a new crime. In this case, Rose was convicted of a new crime -- assault and battery -- prior to the date on which the parole violator warrant was executed. Since Rose had already been convicted of a new crime, a probable cause hearing was not required. See Moody v. Daggett, 429 U.S. 78, 86 at n.7 (1976). Rose's new conviction provided probable cause to believe that Rose had committed acts that constituted a violation of his parole conditions. Id. Additionally, Rose has not alleged any prejudice resulting from the Parole Commission's delay in holding the probable cause hearing. Therefore, even if Rose was entitled to a probable cause hearing within five days after the parole violator warrant was executed, he is not entitled to habeas corpus relief. See Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975); Frick v. Quinlan, 631 F.2d 37, 39 (5th Cir. 1980); McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977); Northington v. United States Parole Commission, 587 F.2d 2 (6th Cir. 1978).

B.

In his second claim, Rose asserts that he was denied his constitutional right to confront and cross-examine adverse witnesses at the revocation hearing. Although Officer Vander, the police officer who handled the assault and battery charge, and Robert Shaw, the victim of the alleged assault and battery, were approved to appear as witnesses, neither of them attended the revocation hearing.

In Morrissey v. Brewer, 408 U.S. 471, 489 (1972), the United States Supreme Court held that the minimum requirements of due process for parole revocation hearings include "the right to confront and cross-examine adverse witnesses." However, this right is not absolute. Id. The

5

revocation hearing is not equated to a criminal prosecution and may be conducted under more flexible procedures. Id.

Although Rose was denied the opportunity to confront Officer Vander and Robert Shaw, Rose is not automatically entitled to relief. Instead, Rose must show that he suffered actual prejudice. Country v. Bartee, 808 F.2d 686, 687-688 (8th Cir. 1987); Ball v. United States Parole Commission, 849 F. Supp. 328, 331 (M.D. Pa. 1994). Having reviewed Rose's petition and his supporting memorandum, I am unable to conclude that Rose has shown any actual prejudice from not being able to confront these adverse witnesses. The Parole Commission determined that Rose committed assault and battery on the basis of Rose's own admissions. Rose admitted that he hit the victim, and that he was subsequently convicted of assault and battery. Nothing in the record indicates that a different result would have occurred had Rose been able to confront Shaw or Officer Vander. Accordingly, Rose is not entitled to habeas relief as to his second claim.

C.

In his third claim, Rose contends that the Parole Commission violated his due process rights by determining that he had possessed cocaine, heroine, and a firearm, even though the associated charges in Arlington County were dismissed. However, the Parole Commission is entitled to make its own independent findings of criminal conduct. See Mullen v. United States Parole Commission, 756 F.2d 74, 75 (8th Cir. 1985); Whitehead v. United State Parole Commission, 755 F.2d 1536, 1537 (11th Cir. 1985); Taylor v. United States Parole Commission, 734 F.2d 1152, 1155 (6th Cir. 1984). Therefore, Rose is not entitled to habeas relief as to his third claim.

III.

For the reasons stated, Rose's petition for habeas corpus relief under 28 U.S.C. § 2241 must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 23rd day of September, 2005.

*Jackson L. Kiser*
Senior United States District Judge